UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CIT BANK, N.A.,            CASE NO. 20-CV-00506

VERSUS            JUDGE TERRY A. DOUGHTY

EDWARD CUPIT            MAG. JUDGE KAREN L. HAYES

**MEMORANDUM RULING**

On April 22, 2020, Plaintiff CIT BANK, N.A. ("CIT"), a California National Association filed a complaint against Defendant Edward Cupit ("Cupit"), a major resident of West Carroll Parish, Louisiana. CIT sued Cupit for amounts allegedly owed under an Equipment Finance Agreement and for recognition of a security interest in certain equipment listed in the equipment schedule.

On May 20, 2020, a summons that had been issued to Cupit was returned executed [Doc. No. 4], showing service of process made on Cupit personally on May 15, 2020. Thereafter, CIT filed a Request for Entry of Default [Doc. No. 5], and a Clerk's Entry of Default was entered on June 15, 2020 [Doc. No. 6].

On August 6, 2020, CIT filed a Motion for Default Judgment [Doc. No. 7], and a Notice was issued on August 7, 2020 [Doc. No. 8], requiring a response by Cupit to be filed by August 28, 2020. No response was filed by Cupit.

**JURISDICTION**

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332. Diversity Jurisdiction is between citizens of different states where the matter in controversy exceeds the sum or value of seventy-five thousand dollars. CIT is a resident of California, and Cupit is a resident

of Louisiana. The claim is for an amount in excess of $75,000.00. Therefore, this Court has diversity jurisdiction.

## LEGAL ANALYSIS

A defendant must serve an answer within twenty-one days after being served with a summons and complaint. FED. R. CIV. P. 12(a)(1)(A)(i). A default judgment is appropriate when requested relief is well supported by, and has a sufficient basis in the pleadings and attachments. Well-pleaded facts in the Plaintiff's Complaint are taken as true and being admitted. *BASF Corp. v. Wrens, Inc.,* 2019 U.S. Dist. LEXIS 75857 (E.D. La. May 6, 2019).

This Court finds that the pleadings and attached supporting information are sufficient for a default judgment by CIT against Cupit.

Attached as Exhibits 1 – 4 are documents supporting the default judgment. Exhibit 1 is a Master Equipment Finance Agreement which sets forth the payment schedule. Pursuant to the agreement, Cupit was obligated to pay to CIT sixty monthly payments each in the amount of $1,666.68. Cupit was further required to pay a security deposit to CIT in the amount of $1,666.68. Cupit granted to CIT a purchase money first priority security interest in the equipment to secure the payment and performance of Cupit's obligation to CIT in connection with the Equipment Finance Agreement.

Attached as Exhibit 2 is an Equipment Schedule which refers to King Country Trailer & Repair invoice dated December 31, 2018, for the listing of the equipment. Exhibit 3 is a Premiere Title Lien showing title in Edward Cupit as to a 2020 BARE, VIN # 1B9L5220XL1014002 with CIT listed as first lienholder. Exhibit 4 is a copy of a Certified Letter sent by the attorneys for CIT to Edward Cupit dated February 12, 2020. By way of said letter, CIT notified Cupit of his default under the Equipment Finance Agreement and notified him that CIT had exercised its right to retain

the security deposit and demand that Cupit pay CIT Bank all amounts owned under the Equipment Finance Agreement. The required payments have not been made.

The King Country Trailer & Repair invoice listed in Exhibit 2 describes the equipment secured by the Agreement as a 2020 Barrett Legend 52 ft Feeder Pot, VIN # 1B9L5220XL1014002.

This Court finds that the Equipment Finance Agreement is a valid, enforceable contract evidenced by the Master Agreement and Equipment Schedule, each which are signed by the parties. The Equipment Finance Agreement provides that upon the occurrence of a default, CIT may retain the security deposit, terminate or cancel the Equipment Finance Agreement and recover from Cupit all amounts owed under the Equipment Finance Agreement including future payments discounted to present value, plus late fees and interest. Additionally, the Equipment Finance Agreement provides that Cupit shall be liable for all attorney fees, costs and expenses incurred by CIT in connection with the enforcement or collection of amounts owed under the Equipment Finance Agreement.

CIT has proved, and this Court finds, that Cupit is in default under and in breach of the Equipment Finance Agreement for failure to pay the monthly payments when due, for April 2019 and each month that has come due thereafter.

This Court finds the amounts owed by Cupit to CIT under the Equipment Finance Agreement are as follows:

| | |
|---|---|
| Past Due Payments | $13,333.44 |
| Future Payments (discounted @ 4%) | $76,642.43 |
| Late Fees | $ 745.14 |
| NSF Fees | $ 70.00 |
| Termination Fee | $ 379.00 |
| Security Deposit (credit) | $(1,666.68) |
| Subtotal | $89,503.33 |

Additionally, this Court finds that Cupit is liable to CIT for attorney fees incurred by CIT in the amount of $3,296.50, costs and expenses in the amount of $526.59, and post-judgment interest on the judgment amount that shall accrue at the judicial rate set forth by 28 U.S.C. §1961.

Further, this Court recognizes CIT as the owner and holder of the Equipment Finance Agreement and recognizes the validity and enforceability of CIT's security interest in the listed equipment.

THUS DONE AND SIGNED in Monroe, Louisiana, this 1st day of September, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE